O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bin Yang,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Amazon,<br><br>　　　　　Defendants. | Case No.: 2:23-cv-10572-MEMF-AJR<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [ECF No. 12]** |

　　Before the Court is a Motion for Reconsideration filed by Plaintiff Bin Yang ("Yang"), in which Yang requests that the Court reconsider its order denying Yang's Request to Proceed In Forma Pauperis. *See* ECF No. 12. For the reasons stated herein, the Court hereby DENIES the Motion for Reconsideration.

/ / /

/ / /

/ / /

/ / /

/ / /

## I. Background

### A. Factual Allegations[1]

Bin Yang ("Yang") is an individual residing in Los Angeles County. ECF No. 1-1. Yang is the owner of ThePrinceSynergy and BeYourBestStayHealthy. ECF No. 1 ("Compl.") Amazon is a corporation. ECF No. 1-1.

Yang alleges that in 2018, Amazon began to hack into Yang's network due to the advancement of her businesses, and that Amazon later broke into Yang's storage unit and conspired with non-party Allstate to impede Yang's work. *See* Compl. ¶¶ 2–4. In December of 2022, Yang noticed high doses of radiation around her and her car and asserts that the only means of exposure could have been through Amazon. *Id.* ¶ 5.

### B. Procedural History

Yang brought suit on December 18, 2023. *See Id.* Yang argues that defendant has aggressively been attacking her and brings three causes of action alleging as such. *Id.* ¶ 6. Yang seeks monetary relief, a total of 22.8 billion dollars in damages. *Id*.

Also on December 18, 2023, Yang filed a request to proceed in forma pauperis. ECF No. 4 ("IFP Request"). The Court denied the IFP Request on February 8, 2024, based on findings that the action was frivolous because the facts alleged rise to the level of the irrational or the wholly incredible. ECF No. 11. The Court dismissed the claims without leave to amend. *See id.*

Yang filed a Motion for Reconsideration of the Court's denying the IFP Request on February 14, 2024. ECF No. 12 ("Motion" or "Mot").

## II. Applicable Law

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted). A motion for reconsideration is an "extraordinary

---

[1] Unless otherwise indicated, the following factual background is derived from the allegations in Plaintiff Bin Yang's Complaint, ECF No. 1. ("Compl.") and Bin Yang's Motion for Reconsideration ECF No. 12. ("Motion" or "Mot."). At this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true. The Court includes these facts only as background.

2

remedy, to be used sparingly in the interests of finality and conservation of judicial resources," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (discussing the standard of a motion for reconsideration under Fed. R. Civ. P. 59(e)). Additionally, the Ninth Circuit has established that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993), *cert. denied*, 508 U.S. 951 (1993)). A motion for reconsideration may not be used to reargue a motion or present evidence that should have been presented prior to the entry of judgment. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Moreover, pursuant to Local Rule 7-18 of this District, a motion for reconsideration may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18.

### III. Discussion

Yang moves for reconsideration of the Court's Order denying her IFP Request and requests that the Court "evaluate all facts" in doing so. *See* ECF No. 12 at 2. The Court finds that Yang has neither shown that there are any new facts relevant to whether her IFP should be granted nor that the Court failed to consider any material facts in its previous Order. This alone is sufficient to deny the Motion. Further, the Court find that even if the Court were to reconsider its prior decision, the court sees no grounds upon which to change its previous findings.

Thus, the Motion for Reconsideration will be DENIED.

**A. Yang has not shown that there are any new facts or that the Court failed to consider material facts.**

The Court sees no basis for reconsidering its prior Order, as Yang has not shown that any new facts have emerged or that the Court failed to consider material facts.

First, Yang has not shown that any new facts have emerged that are relevant to the determination of her IFP request. Yang asserts in her Motion that on January 14, 2024, around 3:00 a.m., a stranger entered Yang's house and interacted with one of Yang's tenants, before leaving without taking anything of value. *See* Mot. at 4. Yang further asserts that a few days later, she heard someone trying to open the door to her house around 3:00 a.m. Although Yang does not say so explicitly, the Court's understanding is that Yang believes that this person was in some way affiliated with Amazon. *See id.*

These facts may be new, but they are not relevant to the Court's consideration of Yang's IFP Request because they are not contained in the Complaint. In reviewing whether a complaint states a claim upon which relief may be granted, the Court is limited to considering only the facts alleged in the complaint itself.[2] *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (in deciding a Rule 12(b)(6) motion, which similar requires an analysis of whether the complaint states a claim that is identical to the analysis here, the general rule is that a "district court may not consider any material beyond the pleadings". A plaintiff's factual assertions not contained in the Complaint are not relevant to this determination. *See id.* Thus, these new facts are not relevant to the Court's determination of whether Yang's complaint states a claim.

Second, Yang has not shown that the Court failed to consider any material facts in its previous order. In her Motion, Yang emphasizes her allegations that Amazon hacked into Yang's network, which Yang argues is plausible given the threat her business allegedly poses to Amazon. *See* Mot. at 2–3. The Court considered these factual allegations in its previous Order. *See* ECF No. 12 at 2 (noting that Yang alleges that "broke into Plaintiff's business email list and hacked her websites," and further describing Yang's allegation that Amazon embarked on an "extraordinary campaign of break-ins, thefts, hacking, radiation, and surveillance" against Yang). Yang has not

---

[2] If Yang was seeking leave to amend her complaint and add these facts, then these new facts would likely be relevant. But there is no indication that this what Yang seeks, and in any case, the Court does not find that these facts would cure the issues with Yang's Complaint.

shown any manifest failure to consider material facts in the Court's previous Order.[3] *See* C.D. Cal. L.R. 7-18.

Yang's failure to show any grounds on which the Court should reconsider its previous Order is sufficient to deny this Motion. Nevertheless, the Court will briefly examine the merits.

**B. Yang has not shown any error in the Court's previous Order.**

Yang has not shown that the Court's previous Order contained any error. This is an additional reason that the Motion must be denied.

As the Court noted in its Previous Order, district courts should review the merits of the complaint in reviewing an IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). If the complaint fails to state a claim upon which relief can be granted, then it is appropriate to dismiss at the IFP stage. *See* 28 U.S.C. § 1915(e)(2)(B). One way in which a complaint may fail to state a claim is when a claim, and where it is appropriate to dismiss at the IFP stage, is where the claim is "factually frivolous" in that the "facts alleged are clearly baseless." *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Yang has not shown that any of this law is incorrect.

Nor has Yang shown that the Court's application of the law to the facts here was incorrect. Having looked at the facts again and considered Yang's arguments, the Court stands by its previous decision—the pattern of conduct that Yang alleges, where Amazon allegedly embarked on a targeted campaign against Yang including breaks-ins, theft, hacking, radiation poisoning, and surveillance, based on the threat Yang's business purportedly posed to Amazon, appears baseless and factually frivolous.

**IV.    Conclusion**

For the reasons stated herein, the Motion for Reconsideration is DENIED.

---

[3] The Court's previous Order did not explicitly discuss Yang's allegation that Amazon is targeting Yang because of the success of Yang's business, and instead summarized Yang's allegations as that Amazon "targeted [Yang] personally, for no significant reason." *See* ECF No. 11 at 2. The Court finds here that this was not a manifest failure to consider any material fact.

IT IS SO ORDERED.

Dated: September 27, 2024

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge